Manly, J.
 

 ¥e are at a loss to perceive upon what point an exception to the trial below, is intended to be put. One who surrenders a tenement, which he has occupied as
 
 a tenant from year to
 
 year, and who goes back and removes the loose plank from a cabin, commits a trespass unquestionably. The right of such a tenant to six months notice is not inalienable, and if he waive it and go out, and the landlord accept the surrender and go in, the right of the landlord to claim the rent surely ceases, and the correlative right of the tenant to exercise dominion in the premises, must also cease. The tenant’s abandonment
 
 non animo reroertendl
 
 remits the landlord to the possession, and he may defend it against all intrusion, whether it occur one day or one year, after abandonment, whether it be perpetrated by the tenant who has left, or a stranger.
 

 
 *52
 
 The legal rights of the parties are not changed by the fact that the house, from which the planks or boards were taken, was put there by the defendant, upon the contract, stated in the case, or by the other fact, that the planks were loosely laid upon the sills of the house and not nailed.
 

 Upon the hypothesis put by his Honor, and affirmed by the finding of the jury, the defendant was out of possession and the plaintiff in, and the former, had, therefore, no right to go upon the land without license.
 

 "With the principles here announced, all parts of the charge are manifestly consistent, and the judgment is, therefore, affirmed.
 

 Per Curiam,
 

 Judgment affirmed.